RECEIVED
IN ALEXANDRIA, LA

SEP 30 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RAYMOND GOURDON** | CIVIL ACTION NO. 1:07-00953 |
| -vs- | JUDGE DRELL |
| **WEYERHAEUSER CO., et al.** | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Motion for Summary Judgment filed by third-party defendant, T. J. Kervin d/b/a Kervin Trucking ("Kervin"). (Document No. 60.) Third-party plaintiff, Weyerhaeuser Company ("Weyerhaeuser") has responded to the motion, and Kervin has filed a reply. The Court finds there is no need for oral argument and that the motion is ripe for decision. For the reasons set forth herein, the motion for summary judgment will be DENIED.

## BACKGROUND

Plaintiff, Raymond Gourdon ("Gourdon"), filed this suit against Weyerhaeuser and "XYZ Insurance Company" in the Eighth Judicial District Court, Winn Parish, Louisiana, on May 14, 2007. (Document No. 1-1.) Plaintiff alleges he sustained personal injuries on May 15, 2006, when his feet slipped off an oily ladder while he was attempting to load a trailer with wood chips at Weyerhaeuser's "sawmill" industrial complex in Dodson, Louisiana. Plaintiff contends "[t]he hydraulic oil was on the ladder as a result of a leaking, faulty hydraulic line located on the defendant[']s 'chip bin' and owned by

defendant, Weyerhaeuser." (Id.) Weyerhaeuser removed the matter to this Court on June 5, 2007. (Document No. 1.) In its Answer, Weyerhaeuser denies that its actions resulted in Plaintiff's injuries and asserts the affirmative defenses of Plaintiff's comparative fault and fault of a third party. (Document No. 7.)

On June 30, 2008, Weyerhaeuser filed a third-party demand against Kervin. (Document No. 33.) Weyerhaeuser then submitted a "First Amended and Restated Third-Party Demand" against Kervin on June 29, 2009, alleging that at the time of the accident at issue, Gourdon was employed by DRS Haulers and was on Weyerhaeuser's property "performing work pursuant to a subcontract or assignment between Kervin and DRS Haulers." (Document No. 48.) Weyerhaeuser asserts it entered into a "Service Contract" with Kervin on December 19, 2005, under which contract Kervin agreed to indemnify, defend, and hold Weyerhaeuser harmless "from and against any and all liability and claims of liability of every kind and nature, including without limitation for bodily injury, . . . arising out of [Kervin's] performance" under the contract. (Id.) Weyerhaeuser also alleges Kervin failed to fulfill certain provisions in the contract requiring the purchase of commercial general liability insurance and notification. In its answer to the third-party demand, Kervin denies any duty to indemnify Weyerhaeuser, because "any liability of Weyerhaeuser would be solely attributable to act[s] or omissions by Weyerhaeuser's employees." (Document No. 49.)

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 56(c), the Court will grant a party's motion for summary judgment only if:

2

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986).

In conducting this analysis, the Court must construe "all of the evidence and all of the factual inferences from the evidence . . . in a light most favorable to the party opposing the motion." <u>King Realty Co., Inc. v. Chevron USA, Inc.</u>, 575 F.3d 510, 517 (5th Cir. 2009). Any doubts are likewise resolved in favor of the nonmoving party. <u>U.S. ex rel. Longhi v. United States</u>, 575 F.3d 458, 465 (5th Cir. 2009). Once the movant has directed the Court's attention to portions of the record which reflect the absence of a genuine issue of material fact, the nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists. <u>United States v. $ 92,203.00 in U.S. Currency</u>, 537 F.3d 504, 506-07 (5th Cir. 2008). "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996).

There is no dispute that Section 7 of the Service Contract is applicable in this situation and provides, as follows:

> Contractor [Kervin] hereby indemnifies and saves harmless Weyerhaeuser from and against any and all liability and claims of liability of every kind and nature, including without limitation for bodily injury, death and property damage, arising out of Contractor's performance hereunder, regardless of negligence, **excepting here from [sic] any such liability and claims of liability solely attributable to acts of Weyerhaeuser's direct-**

> **payroll employees**, and Contractor shall, at Contractor's sole expense, handle all such claims, defend all lawsuits filed against Weyerhaeuser on account thereof, pay all judgments rendered against Weyerhaeuser therein, and reimburse Weyerhaeuser in cash for all reasonable expense incurred by Weyerhaeuser on account thereof, provided, that if Weyerhaeuser elects to retain independent counsel, Contractor shall reimburse Weyerhaeuser for all costs reasonably incurred by Weyerhaeuser to defend itself through attorneys of its choice.

(Document No. 60-2, p. 6; Document No. 69, p. 5.) (Emphasis added.)

Kervin argues that since Gourdon's petition states his injuries were caused solely by the fault or negligence of Weyerhaeuser, Kervin can have no liability for contractual indemnification. Weyerhaeuser, on the other hand, contends there is no evidence at this time that Weyerhaeuser was solely at fault for the incident. Therefore, summary judgment is not appropriate.

A review of the evidence shows that at his deposition, Gourdon testified he had climbed the ladder at issue on multiple occasions up through the time of the accident, and he had noticed sawdust and oil on the ladder. (Document No. 69, Exhibit D, pp. 36-37.) The court finds this testimony sufficient to create a genuine issue of material regarding Weyerhaeuser's "sole" liability.

Although this matter may be ripe for summary judgment at some point in the future, based on the record currently before the Court, a genuine issue of material fact exists concerning whether the circumstances exist to apply the exception to Kervin's liability for contractual indemnity. Under these circumstances, the Court finds no need to address Kervin's other arguments regarding insurance coverage and notification.

Accordingly, for the reasons set forth herein, the "Motion for Summary Judgment on Behalf of T. J. Kervin d/b/a Kervin Trucking" (Document No. 60) will be DENIED.

SIGNED on this 30th day of September, 2010 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge